■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD O'TOOLE, Appellant. [835 NYS2d 97]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered April 29, 2005, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 14 years, unanimously reversed, on the law, and the matter remanded for a new trial.

The court improperly denied defendant's challenge for cause to a prospective juror who stated that 20 years earlier her apartment had been broken into and she was assaulted. When asked whether, as a result of this experience, she would "tend more favorably to determine the credibility of someone who claims that [he was] the victim of a crime," the prospective juror said she could not "be certain until [she heard] the testimony." When further asked, "So, at this point you can't give that assurance that it won't affect your deliberations," the prospective juror replied, "No, I'm not sure." The court's ruling, made after denying defense counsel's request to make further inquiry into whether this prospective juror could unequivocally set aside her bias, was erroneous and requires a new trial (*People v Johnson*, 94 NY2d 600, 614 [2000]; *People v Arnold*, 96 NY2d 358, 362-363 [2001]; CPL 270.20 [1] [b]).

In view of this disposition, we do not reach defendant's other contentions. Concur—Mazzarelli, J.P., Andrias, Friedman, McGuire and Malone, JJ.