■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD O'TOOLE, Appellant. [946 NYS2d 127]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered October 14, 2008, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 15 years, unanimously reversed, on the law, and the matter remanded for a new trial.

At defendant's first trial, which resulted in a reversal by this Court (39 AD3d 419 [2007]), defendant was convicted of second-degree robbery but acquitted of first-degree robbery and two counts of attempted second-degree grand larceny. Therefore,

under the facts presented, the People were barred by collateral estoppel from presenting evidence at the retrial that defendant's accomplice pointed what appeared to be a pistol at the complaining witness during the alleged robbery, and that defendant also attempted to extort regular payments of protection money from the complaining witness on the day of the robbery and on a later occasion. The court erred in allowing the introduction of this evidence.

"The doctrine of collateral estoppel, or issue preclusion, operates in a criminal prosecution to bar relitigation of issues necessarily resolved in [a] defendant's favor at an earlier trial" (*People v Acevedo*, 69 NY2d 478, 484 [1987]). "[C]ourts considering such claims must give a practical, rational reading to the record of the first trial" (*id.* at 487).

Characterizing the acquittals as resulting from inadequate corroboration of the complaining witness's testimony, the People urge this Court to treat this scenario in the same manner as cases in which a defendant is acquitted of crimes subject to the statutory requirement that the testimony of an accomplice be corroborated. This argument is unavailing. When a statutory corroboration requirement governs, the possibility exists that an acquittal flows not from a factual issue being resolved in the defendant's favor as a purely factual matter, but "merely [because] the People had not met the requirement of corroboration" (*People v Goodman*, 69 NY2d 32, 42 [1986]). The same cannot be said here, where no statutory corroboration requirement was applicable.

In view of this disposition, we do not reach defendant's other contentions. Concur—Gonzalez, P.J., Friedman, Renwick, Manzanet-Daniels and Román, JJ.